UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOSES MELENDEZ GUTIERREZ, JR.,

    Plaintiff,

v.                                      Case No: 6:17-cv-905-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for Disability Insurance Benefits and Supplemental Security Income under the Act. Upon review, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background[1]

On April 1, 2014, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability commencing on March 15, 2014, due to "back and emotional conditions," anxiety, panic disorder, depression and arthritis (Tr. 214-225, 258). His claims were denied initially and on reconsideration (Tr. 126-133, 140-151), and he requested and received a hearing before an administrative

---

[1] The information in this section comes from the parties' joint memorandum (Doc. 15).

law judge ("ALJ") (Tr. 35-63, 152-153, 166). On December 12, 2016, the ALJ found Plaintiff not disabled and issued his unfavorable decision (Tr. 16-34).

Plaintiff requested Appeals Council review of the hearing decision (Tr. 14-15), contending that his file was "missing both crucial mental health and physical medical records" (Tr. 15). He provided the names of two physicians and a hospital that had medical records that were not submitted to the ALJ. Id. The Appeals Council requested that Plaintiff obtain and provide the missing records (Tr. 7) and Plaintiff submitted additional medical records and statements (Tr. 4-6, 319-325, 560-617). On March 24, 2017, the Appeals Council denied Plaintiff's request for review (Tr. 1-6), making the ALJ's December 12, 2016 decision the final decision of the Commissioner.

Plaintiff brings this action after exhausting his available administrative remedies. This dispute has been fully briefed, and was referred to me for a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process appearing at 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner to prove that other jobs exist in

the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

In this case the ALJ performed the required sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (Tr. 21). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of disorders of the cervical and lumbar spine s/p surgery; anxiety-related disorder; affective mood disorder; osteoarthritis; and history of angina (20 CFR 404.1520(c) and 416.920(c) (Tr. 21). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 21-22). Next, the ALJ decided that Plaintiff had the residual functional capacity to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he needs to avoid ladders or unprotected heights; he needs to avoid the operation of heavy moving machinery; he needs simple tasks with low stress and no production line; he needs to avoid contact with the public; he is limited to occasional bending, crouching, kneeling and stooping; he needs to avoid squatting and crawling; and he needs to be allowed to use a mono-cane for ambulation.

(Tr. 23).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work (Tr. 27).[2] Based on the testimony of a vocational expert, the ALJ concluded at step five that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform (Tr. 28-29). As a result, the ALJ found that Plaintiff was not under a disability from March 15, 2014, through the date of the decision (Tr. 29).

---

[2] On the date of the ALJ's decision Plaintiff was fifty years old, with a ninth grade education, and past work experience as a short order cook and janitor (Tr. 60, 214, 259).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

The sole issue presented is whether the Appeals Council properly denied Plaintiff's request for review of the ALJ's decision, in view of the new evidence Plaintiff presented to the Appeals Council. The evidence consists of Louis J. Raimondo, M.D.'s treatment notes which cover seven visits from July 24, 2015 to January 18, 2017 (Tr. 583-613). Plaintiff contends that the Appeals Council "merely perfunctorily adhered to the ALJ's decision

when it made Mr. Gutierrez's additional evidence part of the record, stated it considered his reasons for disagreement with the ALJ's decision and the additional evidence and noted 'that the additional evidence does not provide a basis for changing the Administrative Law Judge's decision' (Tr. 2)." (Doc. 15 at 12). Plaintiff also argues that this finding is not supported by substantial evidence.

In general, a social security claimant is permitted to present new evidence at each stage of the administrative process, including before the Appeals Council. See Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007); 20 C.F.R. §§ 404.900(b), 416.1400(b) (2017). The Appeals Council can consider the evidence if it is new, material, and chronologically relevant. 20 C.F.R. §§ 404.970(b), 416.1470(b) (2017). When a claimant presents such evidence, the Council will review the ALJ's decision if there is a reasonable probability that the additional evidence would change the outcome of the decision. 20 C.F.R. §§ 416.1470(a), 404.970(a). "The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council. When no new evidence is presented to the Appeals Council and it denies review, then the administrative law judge's decision is necessarily reviewed as the final decision of the Commissioner, but when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Ingram, 496 F.3d at 1262.

Plaintiff admits that the Appeals Council accepted his new evidence, "considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record," and concluded that "the additional evidence does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2). Plaintiff has not shown how this departs from the standards set forth in the regulations

- 5 -

and pertinent case law. To the extent Plaintiff complains that the Commissioner's decision was perfunctory, the Eleventh Circuit has held that "the Appeals Council is not required to explain its rationale when denying a request for review." Mitchell v. Comm'r of Soc. Sec., 771 F.3d 780, 784 (11th Cir. 2014). Thus, I find no support for a contention that the Appeals Council failed to apply the correct legal standard.

Plaintiff next contends that the Appeals Council's findings are not supported by substantial evidence in that Dr. Raimondo's psychiatric treatment records "document significant mental health findings that the ALJ did not have the benefit of reviewing before rendering his decision." Plaintiff argues that this evidence was new, non-cumulative and material, as there was a reasonable possibility that the evidence would change the administrative result (Doc. 15 at 11). As support for this conclusion, Plaintiff contends: (1) the ALJ rejected Dr. Kher's opinion regarding Plaintiff's ability to work, in part, because there were no detailed treatment notes from Dr. Kher in the record to support his opinion (Tr. 27); (2) the ALJ ultimately accorded "significant weight" to the opinions of the non-examining state agency doctors because he believed their opinions were supported by the evidence, including "the fairly unremarkable mental status examinations in the record" (Tr. 26-27), but Dr. Raimondo's records repeatedly document significant mental status examinations that conflict with the non-examining doctors' opinions; and (3) as a treating physician, Dr. Raimondo's opinions should have been accorded substantial weight. On review, I find that the new evidence submitted to the Appeals Council did not render the denial of benefits erroneous. Ingram, 496 F.3d at 1262.

With respect to Dr. Kher, the ALJ found:

> Treating source Harish Kher, MD, also opined that the claimant is unable to sustain a full workweek (Exhibit 7F). The undersigned has not attached any significant weight to this

- 6 -

> statement, as it is not a medical opinion under the Social Security regulations, but rather, is a legal conclusion left to the Administrative Law Judge (20 CFR 404.1527(e)(l) and 416.927(e)(l) and SSR 96-5p). Further, there are no detailed treatment notes from Dr. Kher that would support such a limitation, particularly as his statement also indicated that the claimant has fair concentration and a normal memory.

(Tr. 27). I fail to see how Dr. Raimondo's notes could alter this finding.

As for the second objection, Dr. Raimondo did not offer a formal opinion as to any limitations on Plaintiff's ability to function, and his treatment notes are, at best, a mixed bag. They show that Plaintiff presented with ongoing complaints of depression and anxiety (Tr. 610, 585, 587, 593) and sporadic reports of hypervigilance or paranoia (Tr. 585, 595). But, these *same* notes show Plaintiff was fully alert and oriented and had intact memory, fund of knowledge, intelligence, attention and concentration (Tr. 610); neat appearance, intact eye contact, cooperative behavior, full affect, reality-based thought content, focused attention, intact concentration, intact remote and recent memory, and intact insight/judgment and impulse control (Tr. 585); intact appearance and eye contact, cooperative behavior, fluent speech, coherent thought processes, focused attention, full orientation, and intact memory, insight/judgment, and impulse control (Tr. 587); a neat appearance, intact eye contact, cooperative behavior, and normal movements and speech, coherent thoughts and clear perceptions, and focused attention, full orientation, intact recent and remote memory, and intact insight/judgment and impulse control (Tr. 593); neat appearance, intact eye contact, cooperative behavior, fluent speech, coherent thoughts and clear perceptions, focused attention, full orientation, intact recent and remote memory, and intact insight/judgment and impulse control (Tr. 595).[3] Plaintiff fails

---

[3] These observations are taken from the parties' summation of Dr. Raimondo's treatment notes in their Joint Memorandum. See Doc. 15, pp. 5-8.

- 7 -

to show how these observations, which are not dissimilar to other evidence of record noted by the ALJ,[4] "undermined the substantial evidence supporting the ALJ's decision." Mitchell, 771 F. 3d at 785 (citing to 20 C.F.R. § 416.1470(b) and Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (explaining the Court must affirm under the substantial evidence test even if the proof preponderates against the Commissioner's decision)).

Plaintiff's last objection is that the opinion of Dr. Raimondo should have been given substantial weight. The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the

---

[4] For example, the ALJ noted the consultative psychological evaluation Plaintiff had with William P. Friedenberg, Ph.D., at the request of the Office of Disability Determinations (Tr. 390-391):

> The claimant reported a long history of depression and anxiety and endorsed a remote history of polysubstance abuse, which has been in remission since 2007. On mental status examination, some mild paranoia, moderate memory and concentration deficits, and poor abstract thinking. His judgment was preserved, ability to calculate was fair, and his social functioning was polite, friendly and cooperative. Dr. Friedenberg diagnosed anxiety disorder (agoraphobia and PTSD were not ruled out) and alcohol abuse in full remission
> (Exhibit 6F).

(Tr. 24). The ALJ also noted the findings of non-examining consultants (Tr. 26-7, 69-74, 98-99) and treatment notes with other providers, for example:

> In January 2015, the claimant established pain management treatment with John Otiolani, MD. He was taught stretches and given pain medication. In April 2015, Dr. Ortolani also took over the medication management for the claimant's anxiety. Notably, on mental status examination, the claimant's memory, attention and concentration were intact. By June 2015, the claimant reported that his symptoms were improved with medication and he was able to manage his daily activities. Although he continued to report chronic pain and anxiety throughout the remainder of 2015 and in 2016, he also reported that his medication was effectively managing his symptoms. (Exhibit 10F).

(Tr. 25).

reasons therefor. Winschel, 631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d).[5]

Other than noting Plaintiff's subjective reports of his symptoms and setting forth diagnoses, Plaintiff does not point to any statement offered by Dr. Raimondo that reflects the doctor's judgment about the nature and severity of the impairment. In short, Plaintiff does not identify a particular opinion to weigh. To the extent the treatment notes contain Plaintiff's subjective complaints, these complaints are not new and were fully evaluated by the ALJ, and Plaintiff has not objected to the ALJ's credibility determination. To the extent the notes could be interpreted as showing increased symptomology (a finding I do not and need not make), Plaintiff does not show how these notes, even if fully credited, conflict with the restrictive residual functional capacity found by the ALJ (Tr. 23). In sum, Plaintiff has not shown that the evidence renders the administrative decision erroneous.

## Recommendation

As the Commissioner's administrative decision comports with proper legal standards and is supported by substantial evidence, I respectfully recommend that it be **AFFIRMED**, and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

---

[5] Good cause for disregarding a medical opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440.

Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 12, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record